IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLAUDE S. HARRIS, | ) | 8:12CV141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DECKER TRUCK LINE, Inc., | ) | |
| SANDY LONEY, Director of Human | ) | |
| Resources, and DOREAN, Human | ) | |
| Resources, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Claude S. Harris ("Harris" or "Plaintiff") filed his Complaint in this matter on April 25, 2012. (Filing No. 1.) Harris has been given leave to proceed in forma pauperis. (Filing No. 5.) Accordingly, the court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Harris filed his Complaint against Decker Truck Line and two former Decker Truck Line employees, who he identifies as Sandy Loney and Dorean. (Filing No. 1 at CM/ECF p. 1.) His allegations are sparse and difficult to decipher. As best as the court can tell, Harris alleges that the defendants violated his rights under the Family and Medical Leave Act ("FMLA"). (*Id.* at CM/ECF pp. 2-3.) Specifically, Harris claims that he sought and received leave under the FMLA while employed at Decker Truck Line because he was suffering from hip and back pain. (*Id.* at CM/ECF p. 2.) At some point after receiving this leave, Sandy Loney and Dorean informed him that his employment was terminated because he did not return to work in a timely

manner. (*Id.* at CM/ECF p. 3.) Harris does not specify the date on which his FMLA leave began or the date on which his employment was terminated.

As relief, Harris seeks "back pay," and for his employment record be "cleared of being terminated." (*Id.* at CM/ECF p. 5.) Harris received a right-to-sue notice from the Equal Employment Opportunity Commission dated February 3, 2012. (*Id.* at CM/ECF p. 7.) Thus, for the purposes of initial review, the court will assume that Harris has exhausted the necessary administrative procedures.

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.    DISCUSSION OF CLAIMS**

Liberally construed, Plaintiff's claims are brought pursuant to the FMLA. The FMLA "provides employees with twelve work-weeks of leave during any twelve-month period if they have a serious health condition that makes them unable to perform the functions of their position." *Ballato v. Comcast Corp.*, 676 F.3d 768, 772 (8th Cir. 2012) (citing 29 U.S.C. § 2612(a)(1)(D)). The FMLA recognizes two types of claims by employees: interference and retaliation. *Id.* Interference claims are analyzed under 29 U.S.C. § 2615(a)(1), which states that it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."

Interference claims arise when "the employee proves that the employer denied a benefit to which she was entitled under the FMLA, which include[s] terminating an employee while on FMLA leave." *Lovland v. Employers Mut. Cas. Co.*, 674 F.3d 806, 811 (8th Cir. 2012). The FMLA defines employer as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The initial burden of proof in an FMLA interference case is on the employee to "show only that he or she was entitled to the benefit denied." *Ballato*, 676 F.3d at 772.

Here, Harris has not alleged that he was entitled to a benefit under the FMLA that was denied. As set forth above, Harris was entitled to "twelve work-weeks of leave during any twelve-month period." Harris alleges in his Complaint that he received leave under the FMLA and, some time later, his employment was terminated because he did not return to work in a timely manner. However, he does not allege that he was terminated *before* his twelve work-weeks of leave expired. Indeed, his allegations suggest that his employment was terminated because he did not return to work after his leave expired. In light of this, Harris has not pled factual content that

3

allows this court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

On the court's own motion, Harris will be given 30 days in which to amend his Complaint to sufficiently allege a claim under the FMLA against Defendants. Harris's amended complaint should set forth the date on which his FMLA leave began and the date on which his employment was terminated. If Harris fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### IV. PLAINTIFF'S REQUEST FOR COUNSEL

Harris seeks the appointment of counsel. (Filing No. 6.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. As such, Harris's request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Harris shall have until July 20, 2012, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Harris fails to file an amended complaint, his Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

4

2.      In the event that Harris files an amended complaint, he must restate the allegations of the current Complaint and any new allegations.

3.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: July 20, 2012: Check for amended complaint, and dismiss if none filed.

4.      Harris's Motion to Appoint Counsel is denied without prejudice to reassertion. (Filing No. 6.)

5.      Harris must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 19th day of June, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.